UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

SHERRY JONES,

      Plaintiff,

v.

                                        20-cv-1730 (JLS)

KEVIN KOCH,

      Defendant.
_____

## ORDER

After Defendant removed this case from New York State Supreme Court citing diversity jurisdiction, the Court ordered the parties to address whether it has subject-matter jurisdiction. *See* Dkts. 1, 4. Because this case was removed with a pending request for what might be time-sensitive interim injunctive relief, the Court resolves the question of its subject-matter jurisdiction in this summary order. For the following reasons, this Court lacks subject-matter jurisdiction and remands the case to state court.

Plaintiff Sherry Jones and Defendant Kevin Koch are the sole members and managers of GLC Solutions, LLC ("GLC"), which is the operating company for Fine Mortuary College, LLC ("FMC"). *See* Dkt. 1-2 ¶¶ 10, 11, 21. Jones bases her claims on Koch's alleged breaches of the Operating Agreement that governs GLC, which "prevent[] her from participating in FMC's operations and plac[e] FMC in harm's way with respect to urgent regulatory and compliance issues, among other things." *Id.* ¶ 31; *see also id.* ¶¶ 33, 35, 41, 42, 44, 51, 53, 56, 82, 83. In other words, Jones fundamentally and primarily alleges harm to GLC and FMC, and her claims are

properly characterized as derivative.[1] *See, e.g., Excimer Assocs., Inc. v. LCA Vision, Inc.*, 292 F.3d 134, 139-40 (2d Cir. 2002); *Bartfield v. Murphy*, 578 F. Supp. 2d 638, 647-649 (S.D.N.Y. 2008); *see also St. Clair Shores Gen. Emps. Ret. Sys. v. Eibeler*, No. 06 Civ. 688 (SWK), 2006 WL 2849783, at *7-*8 (S.D.N.Y. Oct. 4, 2006). Because the complaint fundamentally alleges derivative claims, GLC is an indispensable party. *See, e.g., Atanasio v. O'Neill*, 235 F. Supp. 3d 422, 425 (E.D.N.Y. 2017); *Rose v. Horan*, No. 17-CV06408 (MKB), 2018 WL 4344954, at *3 (E.D.N.Y. Sept. 10, 2018); *Bartfield*, 578 F. Supp. 2d at 645.

The Court therefore must account for GLC's citizenship when determining whether diversity jurisdiction exists. *See Atanasio*, 235 F. Supp. 3d at 425; *see also Doctor's Assocs., Inc. v. Distajo*, 66 F.3d 438, 445 (2d Cir. 1995) (noting that "diversity of citizenship is determined by reference to any parties named. . . . , *as well as any indispensable parties who must be joined*") (emphasis added). GLC "takes the citizenship of all of its members"—here, Utah, as a result of Jones's citizenship, and Massachusetts, as a result of Koch's citizenship. *See id.*; Dkt. 1-2 ¶¶ 1, 2. As a result, complete diversity does not exist—regardless of whether GLC were considered to be a plaintiff or a defendant. *See Atanasio*, 325 F. Supp. 3d at 425-26.

Because GLC is an indispensable party, and adding GLC here would destroy diversity jurisdiction, the Court must remand this case back to New York State

---

[1] Jones submitted a proposed amended complaint. *See* Dkt. 7-2. The Court reviewed that document but bases its analysis solely on the original complaint. *See* Dkt. 1-2.

Supreme Court. *See id.* at 426; *see also Bankston v. Burch*, 27 F.3d 164, 168-69 (5th Cir. 1994); *Kinney v. Bartholomew*, No. 5:20-CV-5083-TLB, 2020 WL 4760152, at *3-*4 (W.D. Ark. Aug. 17, 2020); *Seibel v. Frederick*, No. 20 Civ. 2603 (PAE), 2020 WL 1847792, at *4 (S.D.N.Y. Apr. 13, 2020); *Bartfield*, 578 F. Supp. 2d 638 at 644.

While Koch does not have a motion to compel arbitration pending before the Court,[2] the Court notes that the same jurisdictional conclusion above would apply to any petition to compel arbitration under 9 U.S.C. § 4.[3] In particular, the Court must consider the citizenship of the parties named in that petition, as well as any indispensable parties under Rule 19. *See Doctor's Assocs.*, 66 F.3d at 445-46. GLC is a party to the Operating Agreement in which the arbitration provision appears. *See* Dkt. 7-1, at 15. It is difficult to see how GLC would not be an indispensable party on these facts. *See Doctor's Assocs.*, 66 F.3d at 446 ("[I]ndividuals who are not parties to the arbitration agreement cannot be 'indispensable' parties under Rule 19(b) if they do not meet either of the threshold tests of Rule 19(a).").

---

[2] Even if Koch had moved to compel arbitration, the Court would lack subject-matter jurisdiction to consider that motion, for the reasons stated above.

[3] The Court also notes that the Federal Arbitration Act—under which Koch will seek to arbitrate—is substantive law that state courts must apply. *See Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 25 n.32 (noting that the FAA "creates a body of federal substantive law establishing and regulating the duty to honor an agreement to arbitrate," and that "enforcement of the [FAA] is left in large part to the state courts").

## **CONCLUSION**

For these reasons, this Court lacks subject-matter jurisdiction over this case. The case is remanded to state court. The Clerk of Court shall close this case.

SO ORDERED.

Dated:     December 9, 2020
           Buffalo, New York

_____
JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE